UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL WIESE,<br><br>   Plaintiff,<br><br>  v.<br><br>MUKUNZI INNOCENT, NZABARANTUMA INNOCENT, & WERNER ENTERPRISES, INC.,<br><br>   Defendants. | Case No. 3:24-cv-2755-JPG |

**MEMORANDUM AND ORDER**

  This matter comes before the Court on a joint motion to appoint a private mediator. (Doc. 29). In accordance with the Mandatory Mediation Plan, Admin. Ord. No. 301, § 3.2(B) (S.D. Ill. Oct. 8, 2021) ("Mediation Plan"), the parties seek appointment of a private mediator who is not on the Court's approved list, Jon E. Rosenstengel, Esq. As required by § 3.2(B), the motion is accompanied by an Attestation Regarding Private Mediator, and the parties have informed chambers that he consented to the appointment.

  The Court finds that Rosenstengel's education, training, and experience makes him qualified to be the mediator in this matter. Rosenstengel is an attorney admitted to practice within Illinois, Missouri, the Southern and Central Districts of Illinois, and the Eastern District of Oklahoma. He has been a member of the bar for over thirty years, is competent to perform mediation duties, and has not demonstrated any traits or behaviors that would be contrary to the effective and efficient management of the mediation.

  Moreover, Rosenstengel possesses strong mediation process skills, the temperament to listen effectively, has the ability to facilitate communication between all participants and across "party" lines, and is knowledgeable in federal civil litigation. Additionally, Rosenstengel exhibits

strong problem-solving skills and the ability to generate meaningful options to assist parties and other participants with settlement negotiations.

**IT IS FURTHER ORDERED** that counsel will participate in the mediation proceedings in accordance with the Mediation Plan. The parties will confer with the Mediator regarding scheduling the mandatory mediation session and additional mediation sessions (if any), bearing in mind the deadlines for completing that session and all future mediation proceedings set forth in the Court's Scheduling Order.

If one or both of the parties believe that the mediator the Court has appointed should be disqualified for conflicts, as detailed in § 4.3(G)(1) of the Mediation Plan, pursuant to § 4.3(G)(2), the party or parties that genuinely believe a "disqualifying conflict exists should first confer with the mediator." Mediation Plan, § 4.3(G)(2). However:

> If the matter is not resolved by, for example, waiver or recusal, a motion and supporting affidavit shall be filed with the Court with the Presiding Judge within 14 days from the Court's Order, stating the facts and the reasons for the belief that a disqualifying conflict, bias, or prejudice exists.

*Id*. If a disqualifying conflict does not manifest until after the fourteen (14) day period to object has elapsed; the party or parties may either waive said disqualifying conflict or move to disqualify the mediator at the earliest opportunity. A motion to disqualify after mediation has commenced—just as a motion to disqualify at the outset—must be supported by an affidavit stating the facts and the reasons for the disqualifying conflict, bias, or prejudice.

**IT IS SO ORDERED.**
**DATED:  May 1, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**